**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LUANNE HUNTINGTON,
          Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
          Agency.

DOCKET NUMBER
DE-844E-14-0314-I-1

DATE: July 31, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

LuAnne Huntington, Layton, Utah, pro se.

Linnette Scott, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed OPM's reconsideration decision denying the appellant's application for disability retirement. For the reasons discussed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, we GRANT the agency's petition for review and REMAND the case to the field office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2　　The appellant is a Tax Examiner for the Internal Revenue Service (IRS). Initial Appeal File (IAF), Tab 5 at 66-68, 96; *see* Petition for Review (PFR) File, Tab 2 at 25, Tab 3 at 3. After more than 27 years of Federal service, she applied for disability retirement, citing hypothyroidism, gastritis, headaches, recurring cold sores, chronic fatigue, depression, and anxiety. IAF, Tab 5 at 30-31, 96-100. OPM denied the application in October 2013. *Id*. at 22-27. The appellant requested reconsideration, but OPM denied the request in March 2014. *Id*. at 7-12.

¶3　　The appellant filed a Board appeal, challenging OPM's reconsideration decision. IAF, Tab 1. After holding the requested hearing, the administrative judge reversed OPM's decision, finding that the appellant met the criteria for a disability retirement annuity under the Federal Employees' Retirement System (FERS). IAF, Tab 33, Initial Decision (ID) at 13.

¶4　　OPM has filed a petition for review of the initial decision. PFR File, Tab 1. The appellant has filed a response. PFR File, Tabs 2-4.

¶5　　In an appeal from an OPM decision on a voluntary disability retirement application, the appellant bears the burden of proof by preponderant evidence. *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013); 5 C.F.R. § 1201.56(b)(2)(ii). To qualify for disability retirement under FERS, an employee must establish that: (1) she has completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is

expected to continue for at least 1 year from the date the disability retirement application was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she did not decline a reasonable offer of reassignment to a vacant position. *Christopherson*, 119 M.S.P.R. 635, ¶ 6; *see* 5 U.S.C. § 8451(a); 5 C.F.R. § 844.103(a).

¶6    In its petition for review, OPM presented no substantive argument regarding the administrative judge's findings that the appellant met requirements (1), (4), and (5). *See* PFR File, Tab 1 at 5-7; ID at 4. Therefore, the only issues in this appeal relate to requirements (2) and (3). We find that remand is necessary for credibility findings and further adjudication on these requirements.

On remand, the administrative judge must make credibility determinations to resolve the disputed issues.

¶7    OPM argues that the administrative judge erred in failing to make credibility determinations to resolve the issues in dispute.[2] PFR File, Tab 1 at 5-7. We agree.

¶8    The Board has clarified that there are two ways to meet the statutory requirement that an employee "be unable, because of disease or injury, to render useful and efficient service in the employee's position." *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶¶ 12-19 (2012). These are: (1) by showing that the medical condition caused a deficiency in performance, attendance, or conduct; or (2) by showing that the medical condition is incompatible with either useful and efficient service or retention in the position. *Id.*, ¶ 16; *see* 5 U.S.C. § 8451(a)(1)(B); 5 C.F.R. § 844.103(a)(2). The Board will consider all pertinent evidence in determining an appellant's entitlement to disability retirement: objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence relating to the effect of

---

[2] OPM also argues that the appellant's impairments are situational to the IRS, precluding an award of disability retirement. PFR File, Tab 1 at 5-6. Because we are remanding the appeal for the administrative judge to make credibility findings and those findings may be relevant to this argument, we will not address it at this time.

the applicant's condition on her ability to perform the duties of her position. *Henderson*, 117 M.S.P.R. 313, ¶ 19.

¶9        The administrative judge summarized some of the relevant evidence and testimony before concluding that the appellant met her burden of proof.  ID at 2-3, 5-13.  However, the initial decision does not contain credibility findings in support of that conclusion.  *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests). Therefore, remand is appropriate.

¶10       On remand, the administrative judge should make credibility determinations to address the disputed issues.  *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (providing guidance regarding how to resolve credibility issues).  For example, the administrative judge should address any relevant inconsistencies between the appellant's allegations concerning her condition and the evidence she provided in support of those allegations with respect to severity, duration, and impact on her employment.[3]  The administrative judge also should address any relevant inconsistencies between the treating

---

[3] The appellant reported suffering from depression and anxiety dating as far back as 2010.  *See, e.g*., IAF, Tab 19 at 2-17, Tab 20 at 2, Tab 36, Hearing Compact Disc (HCD) 1 (the appellant's testimony).  However, the available medical records contain no mention of those conditions until January 2013, when she asked a physician to complete her retirement paperwork.  IAF, Tab 5 at 34.  In addition, while the appellant's allegations are now focused almost entirely on her mental health, HCD1 (the appellant's testimony), her initial disability application materials listed only physical limitations, IAF, Tab 5 at 30.  Further, the current record reflects little evidence of the appellant seeking treatment for her mental health condition prior to when she applied for disability retirement, except for a brief description of her condition by her primary physician on January 2, 2013.  The record also contains little or no evidence of her seeking treatment from January 2013, to April 2014.  HCD1 (M.A. testimony); IAF, Tab 5 at 7.

clinicians' records, their testimony, their knowledge of the appellant's job duties, and the appellant's actual performance.[4]

On remand, the administrative judge should also hold a hearing to determine whether the appellant unreasonably refused treatment.

¶11    OPM next argues that the appellant is precluded from receiving the disability retirement annuity she seeks because she unreasonably refused treatment.  PFR File, Tab 1 at 6-7.  We find that the administrative judge should hold a new hearing to further adjudicate this matter.

¶12    An applicant for disability retirement benefits must establish the extent to which her disability can or cannot be controlled.  *Smedley v. Office of Personnel Management*, 108 M.S.P.R. 31, ¶ 23 (2008).  When an employee is unable to render useful and efficient service because she fails or refuses to follow or to accept normal treatment, her disability flows, not from the disease or injury itself, but from her voluntary failure or refusal to take the available corrective or ameliorative action.  *Id.*  Accordingly, the voluntary refusal to accept facially reasonable treatment, standing alone, will bar entitlement to disability retirement benefits.  *Id*.

¶13    Despite the appellant's allegations that she has suffered from depression and anxiety for many years and that those impairments are disabling, the record documents only a brief period where she received mental health treatment.  The appellant received counseling with one social worker between May and July 2014, and another between August and September 2014.  HCD1 (C.C. testimony); IAF, Tab 30 at 4.  She also received a prescription for Zoloft in April 2014, Paxil in May 2014, and Cymbalta in July 2014, each new one

---

[4] The appellant's treating clinicians testified to varying degrees that her mental health could effect her ability to perform job duties.  HCD1 (C.C. and M.A. testimony); HCD2 (S.J. testimony).  However, the record suggests these treating clinicians had limited knowledge of what those job duties were, with one mistakenly identifying her position as custodial.  HCD1 (C.C. and M.A. testimony); HCD2 (S.J. testimony).  In addition, the appellant's employment records seem to suggest that her performance met or exceeded expectations when she was working.  IAF, Tab 5 at 69, 72-73, Tab 24 at 37.

following complaints about the other. HCD1 (M.A. testimony). The appellant reportedly failed to tolerate Paxil, because it caused her to feel tired, and Zoloft, because it made her feel funny, with one physician noting, "she has never really [given medications] much of a chance." IAF, Tab 26 at 2. The appellant received a prescription for Escitalopram, another selective serotonin reuptake inhibitor, in October 2014. *Id*. at 2-3. The record is unclear regarding compliance with and efficacy of that prescriptive treatment or the prior prescription for Cymbalta.

¶14      The initial decision summarizes much of the aforementioned treatment. ID at 7-11. However, it does not contain any findings as to whether the appellant's alleged disability is the result of her voluntary refusal to accept facially reasonable treatment, such as counseling, prescribed medications, or referrals to mental health specialists. *See generally Faragon v. Office of Personnel Management*, 51 M.S.P.R. 63, 69-70 (1991) (finding an appellant's refusal to see a psychiatrist or to take stress-reducing medications because he believed such medication would cloud his judgment was insufficient to justify his failure to undergo treatment). Nor does the hearing transcript contain adequate testimony from the appellant or others to clarify the issue. On remand, the administrative judge should hold a hearing to further develop the record on this matter and issue findings accordingly, including additional credibility determinations. *See generally Zucker v. Office of Personnel Management*, 114 M.S.P.R. 288, ¶ 9 (2010) (credibility determinations are best made first by the administrative judge).

## **ORDER**

For the reasons discussed above, we REMAND this case to the field office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.